[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court, after a six-day trial, finds the issues in favor of the plaintiff, Stuart Cohn.
The evidence supports the plaintiff's claim that the defendant, Lynne Hall, was a sublessee of the plaintiff, Cohn. The plaintiff was the tenant at will of the Joel Cohn Revocable Trusts 2-C and 2-E with the authority to sublet part of his interest. The parties entered into a month to month lease of the premises known as 16-18-20 Temple Court in October, 1995 for a rental of $1655.00 per month to be paid by the defendant's trust to the Cohn trust.
Although the parties appear to have had vague discussions about the length of the subtenancy, no written lease was ever signed. The defendant attempts to support her claim of a multi-year lease by offering various papers, prepared by her and sent to the plaintiff. None were signed by the plaintiff or supported by his testimony in court. The court finds that the defendant's assertion of a long-term lease is not proven. The tenancy, after an initial one year period that the parties agreed to, became month to month.
By service of a notice to quit dated December 12, 1997, the oral month to month tenancy was terminated for lapse of time.
The defendant's special defenses of res judicata and collateral estoppel are not persuasive. "Claim preclusion (res judicata) and issue preclusion (collateral estoppel) have been described as related ideas on a continuum. [C]laim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. . . . [I]ssue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit." Mazziotti v. Allstate Insurance Co., 240 Conn. 799,812 (1997). The claim presented herein by the plaintiff, Stuart CT Page 12489 Cohn, is clearly not identical to the claim of Rhoda Cohn in the earlier summary process action. Indeed, the court in the earlier case found that Rhoda Cohn did not have a rental agreement with the defendant that had lapsed and that "[w]hatever rental or lease agreement existed was between the defendant and Stuart, in the nature of a subletting." Rhoda Cohn, Trustee v. Lynne Hall,
SPNH 9709-52092, Judicial District of New Haven Housing Session (Levin, J, December 3, 1997) (New Haven #777). Stuart Cohn's claim in the present case, i.e., that he had an oral month to month lease agreement with the defendant and that lease terminated by lapse of time, was never addressed in the first case.
Similarly, the dispositive issues in the present case (What, if any, lease agreement did Stuart Cohn and Lynne Hall enter into? Did the lease terminate by lapse of time?) were never reached in the first summary process action since Stuart Cohn was not a party to that action.
The defendant's claim that she made a payment of $18,000.00 in cash to the plaintiff as a security deposit in anticipation of a long term lease is without merit. The court finds that no security deposit was ever paid to the plaintiff. There was no proof, either from cancelled checks, receipts, or independent testimony, that any payment was made to Stuart Cohn. The parties testified that all financial transactions concerning the property involved direct payments from the defendant's trust to the Joel Cohn trust; at no time did the plaintiff receive any funds from the defendant or her trust.
The defendant's further claim that she was embarked on a long-term educational undertaking at the Yale School of Law that she would complete in 2000 or 2001 was refuted by Dean Safriet, the Associate Dean of Yale Law School. Dean Safriet testified that, not only was Ms. Hall not in the MSL program or the visiting scholars' program, but, in fact, she was not even permitted to audit courses on the Yale campus. (Trial transcript, p. 175).
Defendant's final special defense, of equitable estoppel also fails. The court is not persuaded by defendant's contention that "the plaintiff is barred in equity from pursuing this action, on the grounds including, but not limited to, that he does not have clean hands, as he filed this action in retaliation for the defendant not purchasing the premises and in direct contravention CT Page 12490 to his testimony as a witness in the matter of Rhoda Cohn,Trustee v. Lynne Hall . . ." Suffice it to say that the evidence in no way supported a claim of retaliatory conduct by the plaintiff. The plaintiff's testimony credibly established that the landlord-tenant relationship between the parties had broken down and that the month to month lease between the parties terminated by lapse of time.
For the foregoing reasons, judgment of immediate possession may enter in favor of the plaintiff.
Leavitt, J.